1

2

3

4

5

6

7

8       **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DENNIS GARDNER,                          No. 2:12-CV-1981-CMK-P

12              Plaintiff,

13        vs.                                 <u>ORDER</u>

14   JOSHUA COLEMAN, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a former prisoner proceeding pro se, brings this civil rights action

18   pursuant to  42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint

19   (Doc. 7).[1]

20              The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

23   granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

24   _____

25        [1]      This action proceeds on the first amended complaint (Doc. 7) filed as of right on
     August 27, 2012.  A second document entitled "First Amended Complaint," filed on September
     13, 2012, without leave of court, will be stricken.  In any event, it appears that both documents
26   contain the same factual allegations and that both documents delete Melville as a defendant.

provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction.  Because plaintiff, who is no longer a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff names as defendant Joshua Coleman , an officer with the Vallejo Police Department.  Plaintiff claims:

> On Monday June 11, 2012, while walking down Mark Street I was approached by officer Joshua Coleman with his taser gun out.  He told me to sit on the ground.  When I asked him why he shot me with his taser gun. I sustained injuries in my right arm.

The court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs.  If plaintiff desires service of process by the United States Marshal  without pre-payment of costs, plaintiff must comply with the requirements outlined below.  Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

Also before the court are plaintiff's motions for leave to proceed in forma pauperis (Docs. 8 and 10).  Because the court granted plaintiff leave to proceed in forma pauperis on August 9, 2012, the current motions will be denied as unnecessary.

/ / /

/ / /

/ / /

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.    The Clerk of the Court shall issue a summons in a civil case, the

3    undersigned's new case documents, and an order setting this matter for an initial scheduling

4    conference;

5    2.    The Clerk of the Court shall send plaintiff the summons, one USM-285

6    form, and a copy of the complaint;

7    3.    Within 15 days from the date of this order, plaintiff shall complete the

8    summons by indicating the addresses of the named defendants and shall submit to the United

9    States Marshal at the address indicated below the following documents:

10    a.    The completed summons;

11    b.    One completed USM-285 form;

12    c.    Two copies of the amended complaint; and

13    d.    One copy of the court's initial scheduling conference order issued

14    herewith;

15    4.    Within 20 days of the date of this order, plaintiff shall file a notice

16    indicating that the documents described above have been submitted to the United States Marshal,

17    or a notice that plaintiff intends to serve the summons and complaint without assistance from the

18    United States Marshal;

19    5.    If plaintiff seeks the assistance of the United States Marshal, the United

20    States Marshal is directed to serve all process without pre-payment of costs not later than 60 days

21    from the date of this order, such service of process to be completed by serving a copy of the

22    summons, complaint, and initial scheduling conference order on the defendants at the addresses

23    provided by plaintiff;

24    6.    The Clerk of the Court is directed to serve a copy of this order on the

25    United States Marshal at 501 "I" Street, Sacramento, CA, 95814;

26    / / /

1       7.    Plaintiff's motions for leave to proceed in forma pauperis (Docs. 8 and 10)

2  are denied as unnecessary; and

3       8.    The Clerk of the Court is directed to terminate Melville as a defendant to

4  this action, which proceeds as against defendant Coleman only.

5

6  DATED:  October 15, 2012

7

8                       **CRAIG M. KELLISON**
                             UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4