UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER, | No. 2:12-cv-1981 GEB CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOSHUA COLEMAN, | |
| Defendant. | |

This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On October 8, 2014, defendant filed a motion to dismiss for failure to comply with the court's July 7, 2014 order directing plaintiff to appear for his deposition. The motion was submitted on the papers due to plaintiff's incarceration. Plaintiff was directed to file opposition no later than October 29, 2014 and cautioned that failure to file opposition would be deemed a waiver of opposition and would result in a recommendation that the action be dismissed. ECF No. 51.

Although the deadline for filing opposition has now passed, the court docket reflects that plaintiff has not filed an opposition to the motion or a statement of non-opposition to the motion. The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th

1

Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case brought by plaintiff and which has been proceeding forward since plaintiff initiated this action on July 30, 2012. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Regarding the third factor, defendant has repeatedly tried to depose plaintiff and despite being ordered by the court to appear for his deposition, plaintiff has failed to do so. Defendant would be prejudiced by further litigation of this matter despite plaintiff's refusal to be deposed. Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiff's failure to be deposed has precluded an evaluation of the potential merits of plaintiff's claims.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its orders of July 7, 2014 and October 9, 2014 has advised plaintiff that this action is subject to dismissal, directed plaintiff to appear for deposition, and directed plaintiff to file opposition to the pending motion. Plaintiff refused to come out of his cell for his duly noticed deposition and thereafter, despite the court's order to submit to a deposition, has not kept defendant properly apprised of his address and thus thwarted defendant's attempts to depose him. The court also granted an extension of time to September 29, 2014 for plaintiff to comply with the courts July 7, 2014 order granting defendant's motion to compel, all to no avail. In light

1 of plaintiff's failures, the court concludes there is no suitable alternative less drastic sanction to
2 dismissal. The undersigned will therefore recommend that this action be dismissed for failure to
3 prosecute the action and for failure to comply with court orders and Local Rules. <u>See</u> Fed. R.
4 Civ. P. 41(b); L.R. 110.

5    Accordingly, IT IS HEREBY RECOMMENDED that:
6    1. This action be dismissed with prejudice; and
7    2. The Clerk of Court be directed to close this case.

8    These findings and recommendations are submitted to the United States District Judge
9 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
10 after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties. Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
13 within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>
14 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 Dated: November 4, 2014

_/s/ Carolyn K. Delaney_
16   CAROLYN K. DELANEY
17   UNITED STATES MAGISTRATE JUDGE

19 4 gardner.nop.57

3